IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DONNELL McKENNIE, </br></br>Petitioner,</br></br>v.</br></br>BRAD ROBERT,</br></br>Respondent. | No. 06 C 1896 |

## MEMORANDUM OPINION AND ORDER

Following a bench trial in the Circuit Court of Cook County, Illinois, Donell McKennie was found guilty of second degree murder. McKennie was convicted of killing his girlfriend by stabbing her during an argument. McKennie was sentenced to 18 years' imprisonment.

Prior to being charged, McKennie was arrested and questioned by Maywood, Illinois police. During the questioning, McKennie was represented by retained counsel, Nathaniel Byrd. Byrd did not represent McKennie at trial. During the questioning, McKennie confessed to killing his girlfriend. It was contended that Byrd provided bad advice during the questioning and even asked some of the questions that produced

incriminatory responses. At the end of questioning, McKennie refused to sign a written statement reciting his responses. A motion to suppress the confession was denied on the ground that McKennie was adequately advised of his right not to testify and that he knowingly waived that right. McKennie's confession was the strongest evidence against him that was presented at trial.

On direct appeal, McKennie argued that Byrd provided ineffective assistance of counsel in violation of the Sixth Amendment. No argument was made based on the Fifth Amendment right not to incriminate oneself. The Illinois Appellate Court held that no Sixth Amendment violation could have occurred because McKennie had not yet been charged. The Appellate Court also held that an interrogating officer's testimony was a sufficient foundation to permit McKennie's unsigned statement to be admitted into evidence. In an unpublished order dated August 23, 2002, the Illinois Appellate Court affirmed McKennie's conviction. No further appeal was taken. People v. McKennie, No. 1-00-2561 (Ill. App. Ct. 1st Dist. 2002).

On November 6, 2002, McKennie filed a petition for post-conviction relief in the state trial court. The three issues raised in that petition were: (a) police lacked probable cause to arrest him; (b) Byrd's "moral turpitude" showed that he did not testify credibly at the hearing on the motion to suppress;

and (c) because Byrd had a controlled substance charge pending against him at the time of the hearing, he had a conflict of interest when testifying.

On December 20, 2002, the trial court summarily denied the petition as frivolous and patently without merit. Although a statute provided that notice of the dismissal should have been sent to McKennie within 10 days, see 725 ILCS 5/122-2/1(a)(2), notice of the dismissal was not sent out until January 14, 2003, which was 25 days after the dismissal order. The late notice did not prevent McKennie from timely appealing the dismissal of his post-conviction petition.

On appeal, McKennie argued that the 10-day notice requirement is mandatory. He contended that, under state procedural law, the lack of timely notice required that the court instead appoint counsel and conduct further proceedings on the post-conviction petition. As to the merits of the petition, on appeal McKennie raised three grounds that were not raised in the post-conviction petition or otherwise in the trial court. McKennie contended his appellate counsel on direct appeal was ineffective for failing to (a) challenge the trial court's denial of a motion to quash arrest based on police lacking probable cause to arrest; (b) challenge the trial court's denial of his motion to suppress statements based on McKennie not knowingly

waiving his right to remain silent; and (c) argue trial counsel was ineffective for failing to file a motion to suppress based on McKennie being in custody for five days without a probable cause determination. Defendant also requested that his mittimus be corrected to expressly state that the pretrial detention for which he was entitled to credit totaled 460 days.

In a January 28, 2005 unpublished order, the appellate court held that, under state law, failure to serve the notice of dismissal within 10 days did not require that the trial court move to the next stage of post-conviction proceedings. One appellate justice dissented from that aspect of the decision and would have instead remanded the case for further proceedings. As to the claims of ineffective assistance of appellate counsel, the court held that those issues were waived because not raised in the trial court. The court granted the request to direct that the mittimus be corrected. People v. McKennie, No. 1-03-0342 (Ill. App. Ct. 1st Dist. 2005).

McKennie filed a petition for leave to appeal in which he argued: (a) the trial court judgment was void because not timely served on McKennie; (b) forfeiture may not be a basis for upholding the summary dismissal of a post-conviction proceeding; and (c) he could rely on ineffective assistance of appellate counsel to overcome forfeiture even if he failed to raise such a

contention in his post-conviction petition. On December 1, 2005, the Illinois Supreme Court denied leave to appeal. On May 15, 2006, the United States Supreme Court denied <u>certiorari</u>.

The present <u>pro se</u> federal habeas corpus petition was received by the court on April 6, 2006. It was signed by McKennie on March 10, 2006. In the present petition, McKennie raises two of the ineffective assistance of appellate counsel claims that he raised for the first time in the appeal of his denial of post-conviction relief. He contends appellate counsel on direct appeal was ineffective for failing to: (a) challenge the trial court's denial of a motion to quash arrest based on police lacking probable cause to arrest and (b) challenge the trial court's denial of his motion to suppress statements based on McKennie not knowingly waiving his right to remain silent. He also asserts the claim that trial counsel was ineffective for failing to move to suppress statements based on police detaining him for five days without holding a probable cause hearing. An ineffective assistance of appellate counsel version of this last claim had been raised in the Illinois Appellate Court in the post-conviction proceedings.

Respondent contends all the claims contained in the present petition are procedurally defaulted. McKennie was given the opportunity to respond to this contention. In his responses,

McKennie does not address the issue of procedural default. Instead, he further asserts that he did not have a timely probable cause hearing. He also contends that the dissent was correct that the trial court should have been required to proceed with the post-conviction petition for failing to give McKennie timely notice of its dismissal order. Additionally, McKennie contends that he still has not received credit for five more days of pretrial detention that should have resulted from the corrected mittimus.

The Illinois Appellate Court held on review of the post-conviction proceedings that the ineffective assistance of appellate counsel claims were forfeited because not raised in the trial court. That is an adequate and independent state law ground that procedurally defaults these claims for federal habeas corpus review. See Szabo v. Walls, 313 F.3d 392, 395-96 (7th Cir. 2002). The ineffective assistance of trial counsel claim is forfeited because not raised in the trial court nor was this precise issue raised on appeal. The grounds for relief expressly raised in the federal habeas corpus petition itself are all procedurally defaulted.

Especially since McKennie is proceeding pro se, it is appropriate to address the two additional issues that are raised in McKennie's briefs. Whether the failure to provide McKennie

with timely notice of the dismissal of his post-conviction petition required that the state trial court proceed further with his post-conviction petition is a question of state law. It does not raise any constitutional or federal right that could support granting habeas corpus relief in this court. Dellinger v. Bowen, 301 F.3d 758, 764 (7th Cir. 2002), cert. denied, 537 U.S. 1214 (2003). As to the failure to provide McKennie with five more days credit for his time in custody prior to trial, McKennie also does not point to any federal basis for that contention. Even if he does rely on a federal ground for relief, he has not first raised that ground in state court.

Because McKennie has pleaded no cognizable claim, his motion for appointment of counsel will be denied and the petition dismissed.

IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel [22] is denied. The Clerk of the Court is directed to enter judgment in favor of respondent and against petitioner dismissing the petition for writ of habeas corpus. If petitioner wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of

the entry of the judgment in this case. Any notice of appeal should also be accompanied by a request for a certificate of appealability from this court, including a statement as to why a certificate should issue. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: MAY 31, 2007